UNITED STATES, Appellee

v

WILLIE HARRIS, Airman Apprentice,
U. S. Navy, Appellant

8 USCMA 199, 24 CMR 9

Decided August 9, 1957

Major R. D. Humphreys, USMC, argued the cause for Appellant, Accused. With him on the brief was Commander Earl C. Collins, USN.

Major Charles R. Larouche, USMC, argued the cause for Appellee, United States. With him on the brief was Commander Guilbert W. Martin, USN.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was brought to trial on a charge alleging desertion, in which the period of unauthorized absence was four months. He entered a plea of guilty to an unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. In opening its case, the prosecution introduced extract copies from his service records which showed the initiation of the absence and that it was terminated when the accused was apprehended by civilian authorities and turned over to military control. Trial counsel then called Yeoman R. O. Gunnels to the stand.

The witness testified that he was on duty as the Receipts and Confinement Yeoman at the Disciplinary Office of the Naval Receiving Station, Treasure Island, California. When the accused was brought into the office, he spoke to him. Without attempting to establish compliance with Article 31, Uniform Code of Military Justice, 10 USC § 831, Yeoman Gunnels testified that he asked the accused whether he had been apprehended or had surrendered. The accused told him that he was "not coming back to the Navy." Defense counsel moved to strike the testimony on the ground that the accused, as required by Article 31, supra, had not been warned that he did not have to make any statement. An out-of-court hearing was held on the objection. When court reconvened in open session, one of the members announced that he was familiar "with certain things" about the accused which he

felt "slightly prejudiced" him against the accused. The member was excused. The president of the court noted that although the excused member had reported to the others, before the court returned, that he had knowledge that "would probably prejudice" him, he did not reveal the nature of his information. The law officer then sustained the defense objection to Yeoman Gunnels' testimony and ordered that it be stricken from the record and "disregarded by the court." The president wanted to know "on what grounds" the testimony was stricken. The law officer advised him that it was on the basis of Article 31, supra. Defense counsel requested a five-minute recess.

On returning from the recess, defense counsel moved for a mistrial on two grounds: (1) That the court could not disregard the evidence of the accused's statement to Yeoman Gunnels, and (2) That the court member's statement of his knowledge of facts about the accused was in effect an "adverse character reference for the accused." The motion was denied. In his final instructions the law officer reminded the court members to disregard the testimony of Yeoman Gunnels which he had ordered stricken from the record.

In view of the plea of guilty to the lesser offense of an unauthorized absence, the only issue in the case was the accused's intention to remain away permanently. Aside from the accused's pretrial statement, the evidence on that issue was meager. With his statement before the court members, there could

be no doubt as to the findings. Under these circumstances, it was "impossible to wipe out the harm already done." United States v Richard, 7 USCMA 46, 51, 21 CMR 172. The evident reluctance of at least the president of the court-martial to accept the law officer's ruling to disregard the statement and his demand for authority for the ruling provide telling support for this conclusion. We hold, therefore, that the law officer erred in denying the motion for a mistrial.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Navy for resubmission to the board of review. In its discretion, the board of review can affirm findings of guilty of the lesser offense of an unauthorized absence, to which the accused pleaded guilty, and reassess the sentence on the basis of those findings of guilty, or order a rehearing.

Judge FERGUSON concurs.

Judge LATIMER dissents.